IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY, BARNES & MULLINS LTD, THE BINDING SITE GROUP LTD, BRICHWOOD PRICE TOOLS, FOSSIL GROUP EUROPE GMBH, HITACHI KOKI EUROPE LTD, POWERHOUSE FITNESS, TRAVIS PERKINS PLC, and WALTONS MUSIC LTD,<br><br>Plaintiffs,<br><br>vs.<br><br>EXPEDITORS INTERNATIONAL OCEAN, INC. D/B/A EXPEDITORS INTERNATIONAL and EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>Defendants. | IN ADMIRALTY<br><br>No.:<br><br><br><br>COMPLAINT |

The plaintiffs herein, by their undersigned attorney, James F. Whitehead, complaining of the above named defendants, allege upon information and belief:

1. This Court has jurisdiction pursuant to 28 U.S.C.§1333(1) in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

Complaint - 1

Law Office of James F. Whitehead
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100

2. At and during all times hereinafter mentioned, plaintiffs had and now have the legal status and principal offices and places of business stated in **SCHEDULE A** hereto annexed and by this reference made a part hereof.

3. At and during all the times hereinafter mentioned, defendant EXPEDITORS INTERNATIONAL OCEAN, INC., which does business as EXPEDITORS INTERNATIONAL OCEAN (hereinafter "EXPEDITORS" and/or "Defendant"), was and is a corporation or other business entity organized under the laws of the state of Delaware with an office and place of business at 1015 Third Avenue, 12th Floor, Seattle, Washington 98104, and was and now is engaged in business as a non-vessel owning common carrier of merchandise by water for hire. Upon information and belief, CT Corporation System, 505 Union Ave SE Suite 120, Olympia, Washington 98501 is the designated agent for service of process.

4. At and during all the times hereinafter mentioned, defendant EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. (hereinafter, "EXPEDITORS WASHINGTON" and/or "Defendant"), was and is a corporation or other business entity organized under the laws of the state of Washington, with an office and place of business at 1015 Third Ave 12th Floor, Seattle, Washington 98104, and was and now is engaged in business as a non-vessel owning common carrier of merchandise by water for hire. Upon information and belief, Betsy Smith is the registered agent for receipt of service of process and is located at the address set forth above.

5. At and during all the times hereinafter mentioned, EXPEDITORS and EXPEDITORS WASHINGTON transact and have transacted business in the state of Washington, where they regularly solicit business for the transport and ultimate delivery of shipments to worldwide destinations.

6.   To effect transport of certain shipments of cargo, EXPEDITORS and EXPEDITORS WASHINGTON issued certain bills of lading to the shippers of merchandise or otherwise arranged for carriage of shipments, wherein the subject contracts of carriage detailed the scope of transport, the name of the vessel, the description of the merchandise being accepted for transport, and the port or place of destination. In addition, the identity of the shipper, consignee or receiver was similarly noted on the bills of lading. The specific bills of lading that were issued to plaintiffs or their designated agents are set forth in **SCHEDULE B**, which is annexed hereto.

7.   Upon information and belief, the forum selection clause in the bills of lading requested suit to be filed in the United States District Court for the Western District of Washington or the Superior Court for the State of Washington in King County, in that clause 27 of the bill of lading provides, in pertinent part, as follows:

(a) This Bill of Lading shall be governed by and construed in accordance with the internal Laws of the State of Washington (excluding its Laws relating to conflicts of law), except as the same may be governed by the federal Law of the United States. MERCHANT IRREVOCABLY CONSENTS TO NON-EXCLUSIVE JURISDICTION AND VENUE FOR LEGAL PROCEEDINGS RELATED TO ALL CLAIMS AND DISPUTES ARISING FROM OR IN CONNECTION WITH THIS BILL OF LADING OR THE GOODS, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN STATUTES, REGULATIONS, OR COMMON LAW, IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON OR THE SUPERIOR COURT OF THE STATE OF WASHINGTON SITTING IN KING COUNTY.

MERCHANT AND CARRIER HEREBY CONSENT TO THE COMMENCEMENT AND TRANSFER OF ALL SUCH LEGAL PROCEEDINGS TO SUCH COURTS. Merchant irrevocably consents to the commencement and to the transfer of venue in any or all such actions to any other venue in which Carrier is party to a legal action brought by itself or a third party that arises from or is connected with the Goods, their carriage, loading, unloading, handling, or storage, or loss, damage, or delay related to any of the Goods. The Merchant waives all defenses based on inconvenience of forum in all actions commenced in the venues agreed to under this Bill of Lading. Merchant shall pay all costs incurred by Carrier (including attorneys' fees and expenses) in connection with any dispute between Carrier and Merchant (including for transfers of venue, for appeals, and in bankruptcy and receivership proceedings).

8.  This Court has jurisdiction over the maritime claims set forth by Plaintiffs and all such claims are properly before this Honorable Court. All conditions precedent to maintaining the subject action were complied with.

9.  Plaintiffs were the shippers, consignees, owners and/or subrogated insurers or otherwise had a proprietary interest in the shipments described in Schedule B, and bring this action on their own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said shipments, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

### UNDERLYING FACTS RELATING TO THE LOSS

10. At and during all the time hereinafter mentioned, the M/V MOL COMFORT ("Vessel") was a Bahamian flagged container vessel of 8,110 TEU's that was operated by Mitsui OSK

Complaint - 4

Law Office of James F. Whitehead
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100

Lines, Ltd., managed by MOL Ship Management (Singapore) PTE Ltd., and which regularly traded between ports in the Far East and Europe.

11. The shipments were tendered to Defendants at the port or ports and were to be delivered by Plaintiffs and/or the shippers or designated agents in Schedule A, and there were delivered to EXPEDITORS and EXPEDITORS WASHINGTON (collectively "Defendants") in good order and condition the shipments described in Schedule B (hereinafter "Shipments"), which EXPEDITORS and EXPEDITORS WASHINGTON received, accepted and agreed to transport for certain consideration to the various ports of destination set forth on the bills of lading issued by Defendants that are identified by number in the attached Schedule B.

12. Defendants booked the Shipments for transport on the M/V MOL COMFORT, with companies and/or other carriers that are not disclosed on the bills of lading, upon terms and conditions unknown to Plaintiffs, and had agreed to transport or otherwise ensure transport of the subject shipments to the port or place of destination in the same good order and condition as received, on terms and conditions that were not disclosed to Plaintiffs.

13. Upon information and belief, the Vessel suffered a catastrophic failure of its hull when cracks in the hull eventually progressed to a stage where the fore and aft part of the Vessel completely separated, while it was underway in the Indian Ocean. Salvage efforts were unsuccessful and the aft part of the vessel sank on or about June 27, 2013. The fore part of the Vessel was towed in to a position off the Mumbai Coast, and the bow section caught fire and eventually sank on or about July 11, 2013. The Vessel was therefore lost with all cargo aboard.

14. As a result, Plaintiffs' shipments were not delivered to destination in that they were a total loss.

15. At all times relevant to the allegations set forth herein, Defendants acted as carriers and were and are engaged in the common carriage of merchandise for hire, and issued or caused to be issued certain bills of lading whereby they agreed to deliver the Shipments to destination.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

16. Plaintiffs repeat and reallege and incorporate by reference herein each and every allegation set forth in paragraphs 1 through 15 as though fully set forth herein.

17. The goods identified in Schedule B were never delivered to the port of destination in that they were lost at sea when the MOL COMFORT's hull suffered a catastrophic failure in sea and weather conditions that should have been expected, and which were in no way extraordinary.

18. Upon information and belief, the MOL COMFORT was unseaworthy in that it experienced cracks and the failure of its hull due to construction and/or operational defects that affected those vessels in its class.

19. Upon information and belief, the terms and conditions of the subject bills of lading sought to incorporate the Carriage of Goods by Sea Act, Harter Act, the Hague Rules and/or the Hague Visby Rules, and/or such tariffs, bills of lading and/or other contracts of which other "Persons" engaged in the transport of the goods could claim the benefit. However, the carrier of the shipment was designated as EXPEDITORS on the bills of lading, which were issued for carriage of the shipment, and pursuant to the obligations under the general maritime law and the various acts or regimes which are referenced by the bills of lading, the carrier(s) were obligated to provide a seaworthy vessel or were otherwise obligated to exercise due diligence to supply a seaworthy vessel for the contemplated voyage.

20. Upon information and belief, the terms and conditions of the subject bills of lading incorporated certain provisions seeking protection(s) of certain tariffs, bills of lading, and/or

contracts by which such other "Persons'" or Expeditors's liability would be limited to something less than Plaintiffs' actual monetary loss. However, the scope and extent of such terms and conditions have not been disclosed by EXPEDITORS or EXPEDITORS WASHINGTON.

21. As a carrier and/or non-vessel owning common carrier, EXPEDITORS AND EXPEDITORS WASHINGTON are strictly liable for the shipments they failed to deliver, and otherwise breached the contract(s) of carriage.

22. By reason of the premises, EXPEDITORS failed to deliver the shipments at the port or places of destination due to the unseaworthiness of the Vessel, breached their duty to the plaintiffs as common carriers by water for hire, and as non-vessel owning common carrier, and were otherwise at fault.

23. Plaintiffs have duly performed all duties and obligations on their part to be performed.

24. By reason of the premises, plaintiffs have sustained damages in the monetary amount of $2,322,645.94, as nearly as same can now be estimated, plus interest, costs, and attorneys fees.

**W H E R E F O R E,** plaintiffs pray:

1. That process in due form of law according to the practice of this Court may issue against defendants.

2. That if defendants cannot be found within this District, that all of their property within this District, as shall be described in the affidavit, be attached in the sum set forth in this complaint, with interest and costs.

3. That a decree may be entered in favor of plaintiffs against defendants for the amount of plaintiffs' damages, together with interest and costs.

4. Plaintiffs further pray for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated at Seattle, Washington, this 25th day of June, 2014

                                        LAW OFFICE OF JAMES F. WHITEHEAD

*[signature]*

James F. Whitehead, WSBA#6319
Attorney for Plaintiffs

## VERIFICATION

I, James F. Whitehead, am local counsel for plaintiffs with respect to the above-described claims. The facts alleged in the foregoing complaint are true and correct to the best of my knowledge, information, and belief based upon my own knowledge of the casualty described above and the records made available to me by plaintiffs' New York counsel, who are expected to seek admission *pro hac vice* for this action in due course. Authorized officers of plaintiffs are not available in this district to make verifications on their behalf, but I am so authorized.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2014.

*[signature]*

James F. Whitehead

Complaint - 8

Law Office of James F. Whitehead
2003 Western Ave., Suite 330
Seattle, WA 98121
(206) 448-0100

# ATTACHMENT A

AGCS MARINE INSURANCE COMPANY, was and is an entity organized under law with an office and place of business at 225 West Washington Street, Suite 1800, Chicago, Illinois, and at all times relevant to the allegations set forth in the Complaint was and is the subrogated insurer for SENSITECH EMEA B.V., an entity organized and existing under the laws of the Netherlands with an office and place of business at Lireweg 50-52, Nieuw Vennep 2153 PH, Netherlands.

BARNES & MULLINS LTD is an entity organized and existing under the laws of the United Kingdom with an office and place of business at Unit 14, Mile Oak Ind Estate, Oswestry, Shropshire SY10 8GA, United Kingdom.

THE BINDING SITE GROUP LTD is an entity organized and existing under the laws of the United Kingdom with an office and place of business at 8 Calthrope Road Edgbaston, Birmingham B15 1QT, United Kingdom.

BRICHWOOD PRICE TOOLS is an entity organized and existing under the laws of the United Kingdom with an office and place of business at Brich Park, Lodge Park Road, Gilbrook Nottingham, NG16 2AR, United Kingdom.

FOSSIL GROUP EUROPE GMBH is an entity organized and existing under the laws of Switzerland with an office and place of business at Horburgstrasse 105, CH 4057, Basel, Switzerland.

HITACHI KOKI EUROPE LTD is an entity organized and existing under the laws of the Republic of Ireland with an office and place of business at Clonshaugh Ind Estate, Clonshaugh, Dublin 17, Ireland.

POWERHOUSE FITNESS is an entity organized and existing under the laws of the United Kingdom with an office and place of business at Cloberfield House 57, Beardmore Way, Clydebank, Glasgow G81 4HT, United Kingdom.

WALTONS MUSIC LTD is an entity organized and existing under the laws of the Republic of Ireland with an office and place of business at Unit 6 Rosemount Park Drive, Rosemount Business Park, Ballycoolin, Co., Dublin, Ireland.

TRAVIS PERKINS PLC is an entity organized and existing under the laws of the United Kingdom with an office and place of business at Lodge Way House, Lodge Way, Harlestone Road, Northampton, NN5 7UG, United Kingdom.

Attachment B

| Claim No. | Interest | Carrier | Bill of Lading No. | Container No. | Shipper | Consignee | Cargo | Ports | Value (Yen) | Value (USD) | Freight (EUR) | Freight (GBP) | Freight (USD) | Total Claim (USD) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AGCS Marine Insurance Company | Expeditors International Ocean | 6911063759 | HDMU6858869 | Carrier Transicold Hong Kong Ltd | Sensitech EMEA B.V. | Plastic temperature monitors | Hong Kong to Rotterdam, Netherlands | | $680,000.00 | | | | $680,000.00 |
| 2 | Barnes & Mullins LTD | Expeditors International Ocean | 6930122314 | TCLU8649202 | Tombo Musical Inst. Co., Ltd. | Barnes & Mullins LTD | Musical Instruments | Tokyo, Japan to Southampton, U.K. | ¥1,426,950.00 | $14,198.15 | | £99.27 | $147.35 | $14,346.01 |
| 3 | The Binding Site Group Ltd | Expeditors International Ocean | 6930122440 | APZU3089156 | Tokyo Boekl Machinery Ltd | The Binding Site Group Ltd | Automatic Clinical Chemistry Analyzer | Tokyo, Japan to Southampton, U.K. | ¥30,800,000.00 | $306,460.00 | | £795.87 | $1,185.42 | $307,645.42 |
| 4 | Brichwood Price Tools | Expeditors International Ocean | 6227707496 | SEGU1042674 | Li Yuen (China) Investment Ltd | Brichwood Price Tools | Leather Safety Shoes | Xiaolan Port, China to Southampton, U.K. | | $34,850.00 | | | | $34,850.00 |
| | | | 6227707505 | MOAU6501029 | Petchek International Ltd | Brichwood Price Tools | Safety Footwear | Xiaolan, China to Southampton, U.K. | | $41,000.00 | | | | $41,000.00 |
| | | | 6227707493 | MOFU0411681 | Li Yuen (China) Investment Ltd | Brichwood Price Tools | Leather Safety Shoes | Xiaolan Port, China to Southampton, U.K. | | $73,150.00 | | | | $73,150.00 |
| 5 | Fossil Group Europe GMBH | Expeditors International Ocean | 6911064667 | HDMU6577898 | Universal Leatherware (Asia) LTD | Fesco GMBH | WM's Handbags Cowhide Leather | Hong Kong to Hamburg, Germany | | $146,640.54 | € 1,027.00 | | $1,316.21 | $147,956.75 |
| 6 | Fossil Group Europe GMBH | Expeditors International Ocean | 6911064668 | HDMU6577898 | Luen Seng Industrial Co., Ltd. | Fesco GMBH | 100% Cotton Canvas Handbags | Hong Kong to Hamburg, Germany | | $4,180.00 | € 99.55 | | $127.53 | $4,307.53 |
| 7 | Fossil Group Europe GMBH | Expeditors International Ocean | 6911064669 | HDMU6577898 | Reemount Limited | Fossil European Services Company | Cowhide Leather Belts and Keyfobs | Hong Kong to Hamburg, Germany | | $294.75 | € 580.44 | | $743.90 | $1,038.65 |
| | | | | | | | | | | $8,864.35 | incl. above | | | $8,864.35 |
| | | | | | | | | | | $4,915.80 | incl. above | | | $4,915.80 |
| | | | | | | | | | | $50,738.05 | incl. above | | | $50,738.05 |
| 8 | Fossil Group Europe GMBH | Expeditors International Ocean | 6911064670 | HDMU6577898 | Delicate Enterprise Corp | Fossil European Services Company | 100% Cowhide Leather Belt | Hong Kong to Hamburg, Germany | | $23,863.60 | incl. above | | | $23,863.60 |
| 9 | Fossil Group Europe GMBH | Expeditors International Ocean | 6911064671 | HDMU6577898 | Fossil (East) LTD | Fesco GMBH | Tin Boxes | Hong Kong to Hamburg, Germany | | $14,588.06 | € 109.59 | | $140.45 | $14,728.51 |
| | | | | | | | Plastic Displays | | | $2,788.48 | € 260.00 | | $333.22 | $3,121.70 |
| | | | | | | | Plastic Displays | | | $482.15 | incl. above | | | $482.15 |
| 10 | Fossil Group Europe GMBH | Expeditors International Ocean | 6911064673 | HDMU6577898 | Reemount Limited | Fossil European Services Company | Cowhide Leather Belts | Hong Kong to Hamburg, Germany | | $556.99 | incl. above | | | $556.99 |
| | | | | | | | | | | $888.00 | € 30.80 | | $39.47 | $927.47 |
| 11 | Fossil Group Europe GMBH | Expeditors International Ocean | 6911064674 | HDMU6185161 | Fossil (East) LTD | Fesco GMBH | Plastic Cores, Paper Boxes, Plastic Boxes, Plastic Displays, Wooden Displays and Plastic Cuff | Hong Kong to Hamburg, Germany | | $47,426.57 | € 10,483.54 | | $13,435.81 | $60,862.38 |
| | | | | HDMU6321458 | | | | | | $7,989.25 | incl. above | | | $7,989.25 |
| | | | | HDMU6765703 | | | | | | $98,333.33 | incl. above | | | $98,333.33 |
| | | | | HDMU6793984 | | | | | | $89,806.45 | incl. above | | | $89,806.45 |
| | | | | HDMU6319825 | | | | | | $121,861.41 | incl. above | | | $121,861.41 |
| | | | | | | | | | | $39,195.05 | incl. above | | | $39,195.05 |
| | | | | | | | | | | $5,919.68 | incl. above | | | $5,919.68 |
| | | | | | | | | | | $50,488.60 | incl. above | | | $50,488.60 |
| | | | | | | | | | | $19,498.49 | incl. above | | | $19,498.49 |
| | | | | | | | | | | $398.39 | incl. above | | | $398.39 |
| 12 | Hitachi Koki Europe Ltd | Expeditors International Ocean | 5810489981 | XXMU4564232 | Porite Taiwan Co Ltd | Hitachi Koki Europe Ltd | Die Casting Parts | Kaohsiung, Taiwan to Dublin, Ireland | | $12,605.16 | € 120.84 | | $154.87 | $12,605.16 |
| | | | | | | | | | | $3,510.00 | € 883.49 | | $1,132.29 | $3,664.87 |
| | | | | | | | | | | | | | | $1,132.29 |
| 13 | Powerhouse Fitness | Expeditors International Ocean | 6380105055 | TGHU4197908 | Pivot Fitness Equipment Limited | Power House Fitness Equipment. Co. | Fitness equipment | Xingang, China to Grangemouth, U.K. | | $117,499.79 | | £3,831.41 | $5,706.77 | $123,206.56 |
| | | | | MOAU0717216 | | | | | | $0.00 | | | | $0.00 |
| | | | | TEMU2501120 | | | | | | $0.00 | | | | $0.00 |
| | | | | FCIU3487377 | | | | | | $0.00 | | | | $0.00 |
| 14 | Travis Perkins plc | Expeditors International Ocean | 6227707645 | MOFU0660236 | Zhongshan Yue Liang Economy & Trade Imp. & Exp. Co. Ltd. | Travis Perkins Trading Company Ltd | Bath Screen | Zhongshan, China to Southampton, U.K. | | $17,899.70 | | £1,685.72 | $2,510.83 | $20,410.53 |
| 15 | Travis Perkins plc | Expeditors International Ocean | 6178855971 | TCLU3023707 | Sunny Corp | Travis Perkins | Screws | Vung Taug, Vietnam to Southampton, U.K. | | $39,098.50 | | £3,079.17 | $4,585.33 | $43,684.83 |
| | | | | TGHU1586151 | | | | | | $64,458.90 | | | | $64,458.90 |
| | | | | APZU3485687 | | | | | | $0.00 | | | | $0.00 |
| | | | | PCIU3817205 | | | | | | $0.00 | | | | $0.00 |

Fossil Group Europe GMBH et. al. v. Expeditors International Ocean

Attachment B

| Claim No. | Interest | Carrier | Bill of Lading No. | Container No. | Shipper | Consignee | Cargo | Ports | Value (Yen) | Value (USD) | Freight (EUR) | Freight (GBP) | Freight (USD) | Total Claim (USD) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | Travis Perkins plc | Expeditors International Ocean | 622707643 | TCLU8469456 | ZhuHai BOW Kitchen & Bath Products Corporation | Travis Perkins PLC | Shower enclosures | Zhuhai, China to Southampton, U.K. | | $119,551.60 | | £10,420.23 | $15,520.62 | $135,072.22 |
| | | | | CXDU1155899 | | | | | | | | | | $0.00 |
| | | | | TCNU5262020 | | | | | | | | | | $0.00 |
| | | | | TCLU8854869 | | | | | | | | | | $0.00 |
| | | | | TCLU8532306 | | | | | | | | | | $0.00 |
| | | | | MOTU5806919 | | | | | | | | | | $0.00 |
| 17 | Waltons Music Ltd | Expeditors International Ocean | 6380104904 | UETU2248024 | Sunrise (Tianjin) International Trade Co., Ltd. | Waltons Musical Instruments LTD | Musical instruments | Xingang, China to Dublin, Ireland | | $11,167.20 | €270.00 | | $345.03 | $11,513.23 |
| | | | | | | | | | | | €40.00 | | $51.26 | $51.26 |
| | | | | | | | | | | | | | Total: | $2,322,645.94 |

Fossil Group Europe GMBH et. al. v. Expeditors International Ocean